## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:05-cr-43 |
| ) | (2:09-cv-306) |
| HERMINIO RAMIREZ, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed by pro se Petitioner, Herminio Ramirez, on September 22, 2009. For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 08253-027), Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5888, Yazoo City, MS 39194, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On March 17, 2005, Petitioner, Herminio Ramirez, was charged with several co-defendants in an indictment. Ramirez was charged

with one count of interstate kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. §2 (Count One), and one count of conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c) (Count Two). In a plea agreement filed on May 23, 2005, Ramirez pled guilty to Count 2, conspiracy to commit kidnapping. (DE #40.) The change of plea hearing was held before this Court on May 26, 2005, and continued on August 23, 2005, when this Court accepted Ramirez's plea of guilty on Count 2. Ramirez's signed plea agreement contained a waiver stating that:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement, DE #40, ¶ 7(j).) The plea agreement informed Ramirez that the statutory maximum penalty of incarceration was life in prison. (*Id.* ¶ 7(c).)

On February 8, 2006, this Court held a sentencing hearing for

2

Ramirez. Based on Ramirez's substantial assistance in the Government's investigation and prosecution of the interstate kidnapping, the Government filed a motion for departure (a one level reduction) under Guideline Section 5K1.1, and the Court granted that motion. Ramirez was sentenced to 188 months imprisonment and a 5-year term of supervised release. Additionally, the Court also granted the Government's motion to dismiss Count 1 of the indictment. Judgment was entered on February 10, 2006. Ramirez did not file a direct appeal with the Seventh Circuit.

Ramirez filed the instant petition under section 2255 on September 22, 2009, putting forth four major arguments: (1) Ramirez was denied effective assistance of counsel; (2) Ramirez was eligible for an additional one level decrease for acceptance of responsibility; (3) Ramirez was eligible for application of a downward departure "under minor-role"; and (4) the trial court erred in applying a six-level enhancement "under ransom." (Br. In Supp. Of 28 U.S.C. § 2255, p. 1.) In response, the Government argues that Ramirez waived his right to challenge his conviction and sentence in a post-conviction proceeding.

## DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d

812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Ramirez's claims with these guidelines in mind.

Waiver

Ramirez argues that his trial counsel was ineffective because: he failed to file a notice of appeal, he failed to argue for an additional one-level decrease when Ramirez pled in a timely manner, he failed to argue for a minor-role downward departure, he failed to object to the 6-level upward enhancement for ransom, and he failed to preserve the issues and perfect an appeal. (Br. In Supp. Of 28 U.S.C. § 2255, p. 2.) However, the Seventh Circuit has recognized the validity of plea agreement waivers, and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver.

In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145. In *Mason v. United States*, 211 F.3d 1065, 1069 (7th

6

Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

As recognized by the Government, in this case, Ramirez does not allege that he did not understand his plea agreement, or that the waiver was not knowingly or voluntarily made. Ramirez also does not allege that his counsel was ineffective with regard to the negotiation of the waiver. The record indicates the opposite. Although Ramirez did not have the ability to read, write, or speak the English language, a court-certified Spanish interpreter was provided to him for all necessary points in the criminal proceeding, including the change of plea hearings, and the interpreter interpreted the plea agreement for Ramirez from English to Spanish. (Plea Agreement, DE #40, ¶ 1.) The plea agreement provided that "[I] believe and feel that I understand every

7

accusation made against me in this case," "[m]y lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have," and "I understand by pleading guilty I waive certain rights." (Id., ¶¶ 2, 3, 5.) Ramirez made similar statements during his change of plea hearing, indicating he understood the charges against him and was satisfied with his counsel. This Court went through each and every provision of the plea agreement and was satisfied that Ramirez understood the terms of the agreement and was making a voluntary and intelligent decision to plead guilty and waive any right to contest his sentence.

Because Ramirez's challenge is unrelated to the voluntariness of the waiver or ineffective assistance of counsel, Ramirez waived his right to seek post-conviction relief. *See Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145; *see also United States v. Kennedy*, 2004 WL 2403806, No. 04 C 5027, at *1 (N.D. Ill. Oct. 18, 2004) (express waiver prohibits the challenge unless the 2255 petition "adequately alleged that the waiver was either involuntary and unknowing, or the result of ineffective assistance of counsel."). In other words, because the issues raised in Ramirez's section 2255 petition "fall squarely within the waiver language of his plea agreement," the section 2255 petition fails. *United States v. Woods*, 2004 WL 2278554, No. 04 C 50094, at *1 (N.D. Ill. Oct. 7, 2004). This Court is satisfied that Ramirez voluntarily, knowingly

8

and intelligently waived his right to seek post-conviction relief. *See, e.g., United States v. Davis*, 348 F. Supp. 2d 964, 966 (N.D. Ind. 2004) (finding a similar section 2255 waiver sufficient, ruling defendant knowingly and intelligently waived his right to file a section 2255 motion.) To the extent Ramirez claims in his reply memorandum that he "objects that he knowingly and voluntarily waived his right to bring instant action," (Pet.'s Objections to Gov'ts. Resp.), "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing - the latter are presumed true." *United States v. Mosley*, 35 F.3d 569, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994).

Statute of Limitations

Although neither party has broached the subject of the timeliness of Ramirez's filing, the Court believes that even if Ramirez did not waive his right to bring the instant motion, his section 2255 petition would be barred by the applicable 1-year statute of limitations.

Section 2255 contains a one-year statute of limitation which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially

9

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. "[A] collateral attack under § 2255 must be filed within one year after the date on which the judgment of conviction becomes final . . . ." *United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999) (quotations omitted).

In this case, Ramirez's conviction was entered on February 10, 2006, and his conviction became final when the time for appeal lapsed. *See* Fed. R. App. P. 4(b)(1)(A).[1] No Government action prevented Ramirez from filing a timely petition, and there is no Supreme Court decision that creates a retroactively applicable right for Ramirez. Accordingly, Ramirez's petition also fails because it is barred by the one-year statute of limitations.

Evidentiary Hearing

Ramirez has requested a hearing to be held in this matter. (Br. In Supp. Of 28 U.S.C. § 2255, p. 6.) An evidentiary hearing need not be held for every section 2255 motion. *Liss v. United*

---

[1] Federal Rule of Appellate Procedure Rule 4(b)(1)(A) currently provides 14 days in which a defendant may file a notice of appeal in a criminal case, but previously provided 10 days. Regardless, the instant motion is untimely.

*States*, 915 F.2d 287, 290 (7th Cir. 1990). "No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted). Here, the Court has concluded that Ramirez's arguments are either waived or are untimely. Because the Court finds that Ramirez has not raised a cognizable claim in his section 2255 petition, he is not entitled to a hearing.

CONCLUSION

For the aforementioned reasons, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 08253-027), Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5888, Yazoo City, MS 39194, or to such other more current address that may be on file for the Petitioner.

**DATED: February 3, 2010**           /s/ RUDY LOZANO, Judge
                                      **United States District Court**